**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime Geovani AYALA–MENDEZ,**
**Defendant–Appellant.**

**No. 06–40726**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 19, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

382

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Jaime Geovani Ayala–Mendez (Ayala) appeals his guilty-plea conviction and sentence for being found in the United States unlawfully after a prior deportation. The district court applied the 16–level enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and sentenced Ayala to 37 months of imprisonment. Ayala argues that the district court erred by imposing the enhancement based on the court's determination that his prior Texas state conviction for robbery qualified as a crime of violence.

Robbery is an enumerated crime of violence under § 2L1.2, comment. (n. 1(B)(iii)). This court recently held in *United States v. Santiesteban–Hernandez,* 469 F.3d 376, 378–82 (5th Cir.2006), that the definition of robbery under TEX. PENAL CODE ANN. § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2. Accordingly, Ayala's assertion that the district court erred in applying the 16–level enhancement under § 2L1.2 based on his prior robbery conviction is without merit.

Ayala also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C.

§ 1326(b)(1) and (2) are unconstitutional. Ayala's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ayala contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Ayala properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.